## FRANK DEWEY v. MORRIS KAPLAN.[1]

June 18, 1937.

No. 31,190.

*Thayer C. Bailey* and *W. E. Rowe,* for appellant.
*George L. Bargen,* for respondent.

STONE, JUSTICE.

Plaintiff appeals from an order sustaining a general demurrer to his complaint.

Summarized from the complaint, the facts are as follows: December 10, 1925, defendant was the owner of a business property in Bemidji, part of which was used and equipped for a "gasolene retail oil filling station." On that date he leased the part so used to the Peoples Oil Company for a term ending May 1, 1931, with an option in the lessee to renew for an additional five years.

Contemporaneously with the lease and as part of the same transaction, defendant sold the lessee the stock and equipment of his filling station, the sale being evidenced by a written contract whereby defendant covenanted with his lessee as follows:

"Now therefore as a part of the consideration for said purchase of said personal property, and for the execution of said leases on the

[1]Reported in 274 N. W. 161.

part of said Peoples Oil Company, the said Morris Kaplan does covenant and agree to and with the said Peoples Oil Company, that he will not, prior to the first day of May, 1931, nor prior to May 1st, 1936, in case said Peoples Oil Company shall exercise its option to and shall so renew said lease for said additional period of five (5) years, engage in the sale and disposition, at wholesale or retail, of gasolene, motor vehicle fuel, lubricating oils or greases, in the City of Bemidji, Minnesota, or within a distance of twenty-five miles from said City of Bemidji, and that he will not so engage in such business, either individually, nor as a partner with others, nor as an agent, employe, officer, director, or stockholder of any corporation so conducting such a business within the territory and during the time above mentioned."

In August, 1930, defendant "sold and conveyed" to plaintiff the real estate subject to the lease. (Concerning the nature of the deed and its covenants, if any, the complaint is silent.) Contemporaneously defendant made a written assignment to plaintiff of all his interest as lessor in the lease to the Peoples Oil Company. Rents to accrue under the lease after September 1, 1930, were expressly assigned. Some months prior to the first day of August, 1933, defendant, in violation of his covenant with the Peoples Oil Company, "wrongfully and unlawfully engaged in the business of selling gasolene and motor vehicle oils and greases at retail upon premises owned by him in the city of Bemidji," and he continued in said business "in direct competition with the same business carried on and conducted by the said Peoples Oil Company upon the said premises." In consequence of defendant's breach of covenant and the competition so furnished by him, the Peoples Oil Company, as of August 1, 1933, "vacated the said leased premises  *  *  * and in all things rescinded the said lease and the extension thereof," because of defendant's breach of his covenant. The damages wanted by plaintiff, as defendant's grantee of the leased premises and assignee of the reversion, are predicated upon defendant's breach of that covenant and are measured by the loss of rentals resulting from the rescission of the lease by the Peoples Oil Company.

■ The liability sought to be imposed upon defendant must be bottomed either in tort or breach of contract. There seems to have been some effort in argument below to hold defendant as for tortious interference with plaintiff's contract rights. That attempt failed under the rule of Sorenson v. Chevrolet Motor Co. 171 Minn. 260, 263, 265, 214 N. W. 754, 84 A. L. R. 35. The reason was that the complaint fails to charge defendant with "malice or ulterior motive" or a purpose "to destroy plaintiff's business." It was an allegation of the latter kind that went far to sustain the complaint in the Sorenson case. In any event, without repeating them, the views there expressed lead irresistibly to the conclusion that the complaint now before us fails to state a cause of action for tort.

■ It follows that, as far as the complaint discloses, defendant has been guilty of no wrong other than breach of contract. So the remaining question is whether plaintiff may recover damages by reason of the breach. The contract broken by defendant was not between himself and plaintiff. Plaintiff was neither a party thereto nor a creditor or donee beneficiary thereof. Restatement, Contracts, § 133. If by any chance he could be reasoned into the position of an incidental beneficiary, he is not helped, because an incidental beneficiary has no right of recovery for breach of contract. Id. The fractured covenant is one personal to defendant which did not run with the land. See Sjoblom v. Mark, 103 Minn. 193, 114 N. W. 746, 15 L.R.A.(N.S.) 1129, 14 Ann. Cas. 125.

Nor are we at liberty, even though we felt equal to the task (however difficult, it would be congenial) of finding an implied covenant on defendant's part and in favor of plaintiff to aid the latter. That is because the assignment of the reversion from defendant to plaintiff was a "conveyance" under 2 Mason Minn. St. 1927, § 8195. And § 8205, with exceptions not here applicable, provides that "no covenant shall be implied in any conveyance * * * whether such conveyance contains special covenants or not."

Nothing more is needed to explain or justify our decision, but the case has had much more consideration than this brief treatment indicates. Its novelty is such as to make it interesting. Defendant's admitted breach of contract is an invitation to search for an

adequate remedy. For the reasons stated, our search has failed. We have considered many cases where covenants of this kind have been enforced, but they are all distinguishable upon the ground that the remedy invoked was in favor of a covenantee or one in privity with him. In that manner arose the issue in Legum v. Carlin, 168 Md. 191, 177 A. 287, 99 A. L. R. 536, and Johnson v. Robertson, 156 Iowa, 64, 135 N. W. 585, Ann. Cas. 1915B, 137.

Order affirmed.